UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                              )
                                    )
Rhyne's Antiques, Co., LLC,         )   Case No. 14-10546C-11G
                                    )
        Debtor.                     )

## OPINION AND ORDER

This case came before the court on July 16, 2014, for hearing on a Motion to Dismiss filed by Bank of North Carolina. Christopher C. Finan appeared on behalf of the Bank of North Carolina (the "Bank"), Sarah D. Bruce appeared on behalf of the United States Bankruptcy Administrator and Erik M. Harvey appeared on behalf of the Debtor. Having considered the Motion to Dismiss, the response filed by the Debtor, the matters of record in this case, the evidence offered at the hearing and the arguments of counsel, the court makes the following findings and conclusions pursuant to Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure.

1. This case was commenced on May 16, 2014, when the Debtor filed a petition seeking relief under chapter 11 of the United States Bankruptcy Code.

2. The Motion to Dismiss seeks the dismissal of this chapter 11 case based upon a lack of good faith in the filing of the petition. The Bankruptcy Administrator has joined in the Motion to Dismiss and likewise seeks dismissal based upon a lack of good faith on the part of the Debtor.

3. A voluntary chapter 11 petition may be dismissed at the

very outset of the case if there was a lack of good faith in the filing of the petition. Carolin Corp. v. Miller, 886 F.2d 693, 700 (4th Cir. 1989). In Carolin the Court of Appeals adopted a standard requiring that both objective futility and subjective bad faith be shown in order to warrant dismissals for want of good faith in filing. Id. at 700-01. The principle guidelines to be followed in making the two-pronged inquiry required by the Carolin case are: the court should consider the totality of the circumstances; there is no exhaustive list of factors which should be considered; there is no single factor that will necessarily lead to a finding of bad faith; and the overall aim of the two-pronged inquiry is to determine whether the purposes of the Bankruptcy Code would be furthered or advanced by permitting the chapter 11 petition to proceed past filing. Id. at 701.

  4. The objective futility inquiry is designed to insure that there is embodied in the petition "some relation to the statutory objective of resuscitating a financially troubled [debtor]." In re Coastal Cable TV, Inc., 709 F.2d 762, 765 (1st Cir. 1983). The criteria for making this determination where the debtor has an ongoing business is whether there is any going concern value to preserve on the part of the debtor and any realistic possibility of an effective reorganization. Carolin, 886 F.2d at 701-02. In a liquidation context, the objective futility inquiry is whether the petition represents an objectively futile attempt to achieve the more general goal of resuscitating a financially troubled debtor.

- 2 -

In re Coleman, 426 F.3d 719, 728 (4th Cir. 2005). After applying the foregoing criteria in the present case, the court is satisfied that objective futility exists in this case.

5. The Debtor's only assets consist of commercial real estate located at 603 South Elm Street and 503 and 506 East Washington Street in Greensboro, North Carolina (the "Property") and a $52,710.72 receivable from a related company, Rhyne's Corner Cupboard Antiques, LLC ("Rhyne's Corner Cupboard").

6. The Property is subject to a deed of trust which secures a promissory note held by the Bank. The promissory note and the deed of trust are dated July 25, 2013. The promissory note is in the original amount of $774,000, is payable by monthly payments of $5,688.29 and had an unpaid balance of $812,337.50 as of the end of May, 2014.

7. The Debtor's only source for income is rents from the Property. The only tenants in the Property during 2013 and 2014 have been Rhyne's Corner Cupboard and the Debtor's sole member, Richard W. Rhyne, who resides in an apartment located in the Property. According to the Debtor's schedules, the Debtor has a month to month business lease with Rhyne's Corner Cupboard and a residential rental agreement with Mr. Rhyne. The Debtor has no employees and no business or source of income other than rents from Rhyne's Corner Cupboard and Mr. Rhyne.

8. The evidence established that there is no realistic possibility of an effective reorganization in this case. According

to Debtor's Statement of Financial Affairs, the Debtor has had no revenue during 2014 and had only $10,000 of income for all of 2013. This dearth of income is consistent with the $52,710.72 receivable from Debtor's tenant, Rhyne's Corner Cupboard. These circumstances reflect a continuing inability of Debtor's tenants to make regular rental payments to the Debtor. The Debtor's ability to propose and fund a confirmable plan of reorganization is dependent upon the Debtor receiving future rents from Rhyne's Corner Cupboard and Mr. Rhyne sufficient to fund a plan. The evidence at the hearing establishes that the current tenants have been unable to make their rental payments for at least the last eighteen months. The Debtor's evidence regarding improved business prospects for Rhyne's Corner Cupboard and a new found ability to make future rental payments was vague, speculative and unconvincing. The bottom line is that there is neither going concern value to preserve nor a realistic chance of an effective reorganization or resuscitation in this case and that it would be futile for this Debtor to continue in chapter 11.

9. Under the <u>Carolin</u> decision the subjective bad faith inquiry is designed to insure that the petitioner actually intends to use the provisions of chapter 11 to reorganize or rehabilitate an existing enterprise or preserve going concern value of a viable or existing business. Stated obversely, the aim of this inquiry is to determine whether the petitioner's real motivation is to abuse the reorganization process and to delay creditors without an intent

or ability to reorganize the debtor's financial affairs. Carolin, 886 F.2d at 702. As discussed below, the court is satisfied that the Debtor filed this case to delay and frustrate the pending foreclosure proceeding and at a time when the Debtor was without an ability to reorganize.

10. This case is essentially a one creditor case involving a two-party dispute between the Bank and the Debtor that has landed in two bankruptcy cases. The Property formerly was owned by Rhyne's Antiques, LLC, another company owned by Richard W. Rhyne. Rhyne's Antiques, LLC was a debtor in an earlier chapter 11 case (Case No. 10-11164). After a plan was confirmed in that case, Rhyne's Antiques, LLC was unable to make the payments to the Debtor called for in the plan. The Property was thereafter conveyed to the Debtor. The Debtor was successful in obtaining a refinancing from the Bank on July 25, 2013, pursuant to the promissory note and deed of trust now held by the Bank. Again, the Rhyne entity was unable to make the loan payments and, in fact, did not make a single payment to the Bank following the July 25 refinancing. This continuing default by the Debtor prompted the commencement of a foreclosure proceeding by the Bank and when this case was commenced, the Bank was in the process of prosecuting the foreclosure proceeding. The foreclosure process had proceeded through the hearing before the clerk, advertising of the sale date, the public auction on the courthouse steps and, in fact, the petition in this case was filed on the last day before the auction

sale would have become final. This case was filed to impede and delay the foreclosure proceeding by a debtor who was without a viable or existing business and without the ability or intent to use the provisions of chapter 11 to reorganize or preserve any existing equity or going concern value. As such, it was an abuse or the reorganization process which reflects bad faith on the part of the Debtor.

11. Based upon the totality of the circumstances shown by the evidence both objective futility and subjective bad faith on the part of the Debtor have been established.

12. The purposes of the Bankruptcy Code would not be furthered or advanced by permitting the Debtor to continue in Chapter 11.

13. Cause exists for the dismissal of this case within the meaning of section 1112(b).

It is, therefore, ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by Bank of North Carolina is granted and this case shall be and hereby is dismissed.

This 18th day of July, 2014.

_William L. Stocks_
WILLIAM L. STOCKS
United States Bankruptcy Judge